## N. J. Rowe, Appellant, v. Chicago, Milwaukee and St. Paul R. R. Co., Appellee.

**Railroads:** CONTRIBUTORY NEGLIGENCE. Where in response to a special interrogatory the jury found that plaintiff could have seen the approaching train by which he was injured had he looked, or could have heard it had he listened, he was negligent in stepping from the depot platform onto the track; and as his act in so doing was the controlling circumstance in the case he could not recover.

**Special interrogatories.** Where an interrogatory submitted to the jury was in the alternative, as, whether plaintiff could have seen the approaching train had he looked, or could have heard it had he listened, objection that from the form of the interrogatory an affirmative answer might have been intended to apply to only one of the alternatives was not tenable, as an affirmative finding on either alternative was fatal to the plaintiff's case.

**Railroads:** NEGLIGENCE: INSTRUCTION. Where it appeared that plaintiff walked out of the depot and immediately across the platform onto the track in front of an approaching train, an instruction fixing the time when he should have looked and listened for the train as at the time he stepped from the platform onto the track, was not objectionable as fixing the time with too great exactness.

*Appeal from Monona District Court.*—Hon. Wm. Hutchinson, Judge.

Thursday, October 28, 1909.

This is an action for personal injuries. There was a verdict and judgment for defendant. Plaintiff appeals.—*Affirmed.*

*H. A. Evans, J. P. Shoup* and *John W. Anderson,* for appellant.

*Shull, Farnsworth & Sammis* and *S. D. Crary,* for appellee.

Evans, C. J.—On March 23, 1906, the plaintiff was accompanying a shipment of freight on one of defendant's freight trains, westward bound. At the village of White Lake, in South Dakota, this train was due to meet an eastbound passenger train, and it took a sidetrack at such station for the purpose of giving the passenger train the right of way over the main track. This sidetrack lay some distance to the south of the main track. While waiting for the passenger train, the plaintiff left the freight train and went to a lumber office, and then to the depot, which was situated on the north side of the main line. About the time that the passenger train was due, or a little later, in daylight, the plaintiff left the depot and started toward his freight car, which was located in a southeasterly direction from the depot door. The platform between the depot door and the railroad track was eleven feet and three inches wide, and lay east and west. Its elevation above the rail of the main track was thirteen inches, and three feet of space intervened between the north rail of such track and such platform. The plaintiff stepped from the platform to the main track, moving southeasterly, and had walked a "couple of steps" between the rails when he was run over by the engine of the passenger train. The train was running at that time, according to plaintiff's witnesses, ten or twelve miles an hour. The plaintiff was fifty-seven years of age, and was without defect of sight or hearing. He knew that the passenger train was expected from the west, and that his freight train was waiting for it. He testified that after he came out of the depot, and before he went upon the track, he both looked and listened for it, but neither saw nor heard it. The only obstruction to the view which is claimed was the state of the weather. Plaintiff testified:

"There was quite a blizzard, a good deal of snow in the air, and the wind was blowing very strong, so it would whip a person around. There was considerable snow, more along the track. . . . There was nothing but the weather that was obstructing my sight." Other witnesses for plaintiff emphasized the character of the storm. Witnesses for the defense contended that the storm was not great, and that it did not obstruct the ready view of the train.

It is undisputed that, at the time when plaintiff stepped from the platform to the track, the train was within a few feet of him, and was in plain view, unless such view was obstructed by the state of the

1. RAILROADS: contributory negligence.

weather. This was the only circumstance which saved the plaintiff from a nonsuit at the close of the evidence, and we are by no means certain that the defendant was not entitled to a directed verdict. The trial court, however, submitted the case to the jury. In response to an interrogatory submitted by the court the jury returned a special finding that the plaintiff "could have seen the train if he had looked, or could have heard the train if he had listened." We think the effect of this special finding was to leave plaintiff without legal excuse for going upon the track at the time and place that he did. The question of his ability to see and hear the train being determined against him by the jury, no other conclusion was made possible under the evidence but that he was negligent, if not reckless, in going upon the track.

Appellant complains of the form of the interrogatory submitted by the court. The interrogatory was in the alternative form above indicated. The jury answered

2. SPECIAL INTERROGATORIES.

"Yes." It is argued that such answer might have been intended to apply to only one of the alternatives, and not to both, and that some members of the jury might have intended to

answer one alternative, and the other members the other. The form of the interrogatory is not perhaps altogether free from objection, but it does not furnish the plaintiff a fair ground of complaint. The jury was permitted to answer the interrogatory in its own way. It was not directed by the court to answer it categorically by "Yes" or "No." If it had desired to answer any part of the interrogatory in the negative, it could have done so, and we must presume that it would have done so. There is the further consideration that an affirmative finding by the jury on either alternative was fatal to the plaintiff. The argument that some jurors may have favored an affirmative answer only to the first part of the question, and others only to the last part thereof, is based upon the assumption that the jurors did not agree upon a verdict. The record shows that they did agree upon their verdict, and we can assume nothing to the contrary.

It is also urged that the interrogatory, as well as instruction No. Ten, fixed the time with too great exactness when the plaintiff was required to look or listen. The language complained of is "at the time plaintiff stepped from the platform upon the track." It is argued that if he had looked and listened at any time while he was upon the platform, it was sufficient. Plaintiff's testimony was that he walked out of the depot, and without any delay walked from the depot door across the platform and upon the track. The platform was eleven feet and three inches wide. Only a moment of time was involved. The language of the court was therefore appropriate to the circumstances, and plaintiff could have suffered no prejudice therefrom.

3. RAILROADS: negligence: instruction.

Other questions are argued which relate principally to the instructions of the court on the subject of the negligence of the defendant. Inasmuch as the special finding of the jury was determinative of the case, we can have no occasion to consider these.

The judgment below must therefore be *affirmed*.